**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

|  | 8:18-CR-097 |
| v. | 8:09-CR-257 |
|  | (GLS) |

TIMOTHY J. FLEURY,

                                   Defendant.

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

        This criminal matter is presently pending before the District Court for sentencing as a result of a plea to a felony drug trafficking offense, as well as a related admission to a violation of supervised release.    The sentencing has been adjourned on several occasions. In the interim the Defendant, who is housed by the United States Marshals Service at the Rensselaer County Jail, became ill with Covid. After his recovery, both jail staff and family noted a certain cognitive decline.  The United States Marshals arranged for the Defendant to be seen by a Neurologist for an MRI and a CT scan. As a result, Defendant's counsel raised a potential concern regarding the Defendant's competency to proceed to sentencing.  18-CR-097, Dkt. No. 71.  United States District Court Judge Gary Sharpe referred the matter to this Court to conduct a status conference regarding the current status of the Defendant.  Dkt. No. 73.

On April 13, 2022, an in person and on-the-record conference was held, during which the Court spoke with counsel and the Defendant himself. The Defendant indicated that he was aware of the present status of his case, was aware that the remaining issue was a sentencing proceeding before Judge Sharpe, and believed he could fully assist his counsel in connection with that proceeding and could adequately address the Court on his own behalf. Defense counsel, for his part, raised no concerns on the record regarding the Defendant's competency and indicated that the defense was prepared to proceed to sentencing at the District Court's convenience. Douglas Collyer, on behalf of the United States Attorney's Office, also raised no concerns. Based upon those conversations, the Court's own observation of the Defendant's demeanor, and its review of certain medical records provided by the United States Marshals Office, the Court concludes that there has been no showing of reasonable cause to believe that the Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent, or that Defendant is unable to understand the nature and consequences of the criminal proceedings against him or to assist properly in his defense. *See* 18 U.S.C. §4241(a). Accordingly, the Court does not recommend that the District Court order a hearing under §4241(c) and §4247(d) to determine the mental competency of the Defendant. Rather, it is the recommendation of this Court, concurred with by defense counsel, that the matter now proceed to sentencing.

**WHEREFORE**, it is hereby

**RECOMMENDED**, that the matter proceed directly to sentencing; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[1] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated:   April 13, 2022
        Albany, NY

Daniel J. Stewart
U.S. Magistrate Judge

---

[1] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).